UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:16-cv-24731

STEVEN MORENO,

    Plaintiff,

vs.

BRINKER INTERNATIONAL, INC., a
Delaware corporation, d/b/a CHILI'S GRILL
& BAR, and KENDALLGATE CENTER
ASSOCIATES LTD., a Florida limited
partnership,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, STEVEN MORENO (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues BRINKER INTERNATIONAL, INC., a Delaware corporation, d/b/a CHILI'S GRILL & BAR, and KENDALLGATE CENTER ASSOCIATES LTD., a Florida limited partnership (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq. ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

**JURISDICTION AND PARTIES**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2. Venue is proper in this Court, Southern Division pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Southern District of Florida in that all events giving rise to this lawsuit occurred in Miami-Dade County, Florida.

3   At the time of Plaintiff's visit to CHILI'S GRILL & BAR prior to instituting the instant action, STEVEN MORENO (hereinafter referred to as "MORENO") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, as he is paraplegic and is confined to a wheelchair for mobility, the Plaintiff personally visited CHILI'S GRILL & BAR but was denied full and equal access to, and full and equal enjoyment of, the facilities within CHILI'S GRILL & BAR which is the subject of this lawsuit.

4. The Defendants, BRINKER INTERNATIONAL, INC., a Delaware corporation, d/b/a CHILI'S GRILL & BAR, and KENDALLGATE CENTER ASSOCIATES LTD., a Florida limited partnership, are authorized to conduct, and are conducting business within the State of Florida. Upon information and belief, BRINKER INTERNATIONAL, INC., is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as CHILI'S GRILL & BAR, located at 11900 SW 88th Street, Miami, Florida (hereinafter and heretofore referred to collectively as "CHILI'S GRILL & BAR") which also maintains and controls the Subject Facility. Upon information and belief, KENDALLGATE CENTER ASSOCIATES LTD., is the owner and lessor of the real property where the Subject

Facility is located which is the subject of this action, the restaurant commonly referred to as CHILI'S GRILL & BAR located at 11900 SW 88th Street, Miami, Florida (hereinafter and heretofore the "Subject Facility") which also maintains and controls the subject real property.

5.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Miami-Dade County in the Southern District.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

6.      On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7.      Congress found, among other things, that:

> (i)   some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii)  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv)  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the

       discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8.    Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, CHILI'S GRILL & BAR is a place of public accommodation in that it is a restaurant which goods and services to the public.

10.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

11. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

12. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at CHILI'S GRILL & BAR in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at CHILI'S GRILL & BAR. Prior to the filing of this lawsuit, the Plaintiff, who resides only a short ten (10) minute drive away, visited the Subject Property and was denied full and safe access to all the benefits, accommodations and services of the Defendants. Prior to the filing of this lawsuit, MORENO personally visited CHILI'S GRILL & BAR with the intention of using Defendants' facilities, but was denied full and safe access to all the facilities of CHILI'S GRILL & BAR and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to immediately visit CHILI'S GRILL & BAR upon it becoming ADA compliant, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at CHILI'S GRILL & BAR all in violation of the ADA.

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

15.     The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i)     The hostess stand at Subject Facility, is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(ii)    The bar, with fixed footstand, is higher than 34 inches above the finish floor, in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches above the finish floor.

(iii)   Various tables in bar area, are at inaccessible heights, in violation of 28 C.F.R. Part 36, Section 4.32.4.

(iv)    Various booths are inaccessible, due to raised platform at said booths, in violation of 28 C.F.R. Part 36, Section 4.32.4.

(v)     Toilet stall in restroom is not ADA compliant, in violation of 28 C.F.R. Part 36, Section 4.22.

(vi)    Failure to install an accessible mirror in restroom, in compliance with 28 C.F.R. Part 36, Section 4.19.6.

(vii)   Failure to provide a paper towel dispenser in restroom, at an accessible height, as required by 28 C.F.R. Part 36, Section 4.22.7.

(viii)  Failure to provide an accessible soap dispenser in restroom, as required by 28 C.F.R. Part 36, Section 4.2.

(ix)    Failure to fully insulate exposed pipes under restroom lavatory, to prevent burns, as required by 28 C.F.R. Part 36, Section 4.19.

(x)     The cash register in bar area, is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(xi)    Failure to provide a securely attached mat, at main entrance, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(xii)   Failure to provide a securely attached mat, in restroom area, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(xiii)  The exterior pathway from emergency exit is not ADA compliant, as required by 28 CFR Part 36, Section 4.3.10.

(xiv)   Failure to provide an adequate number of ADA compliant accessible handicap spaces with proper signage, at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3, and, Section 4.6.4.

(xv)    Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "Van Accessible", as required by 28 CFR Part 36, Section 4.6.4 and Section 4.1.2(5)(b).

(xvi) Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(xvii) Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

16. Upon information and belief, there are other current violations of the ADA at CHILI'S GRILL & BAR and only once a full inspection is done can all said violations be identified.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Pursuant to the ADA, 42 U.S.C. §12101, et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent

required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA;

B. The Court enter an Order requiring the Defendants to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

C. The Court enter an Order directing the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 13th day of November, 2016.

                                    Respectfully submitted,

                                 By: /S/ B. Bradley Weitz            .
                                    B. Bradley Weitz, Esq.
                                    Florida Bar No. 479365
                                    THE WEITZ LAW FIRM, P.A.
                                    Attorney for Plaintiff
                                    Bank of America Building
                                    18305 Biscayne Blvd., Suite 214
                                    Aventura, Florida 33160
                                    Telephone: (305) 949-7777
                                    Facsimile: (305) 704-3877
                                    Email: bbw@weitzfirm.com